UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS ENCALADA, FLORINEL AILINCA, ALEJANDRO ANGELES, BENJAMIN GUTIERREZ, JUNIOR PENA, MOISES PEREZ, KAREEN SANCHEZ, FEDERICO SCARRO, RADOLFO TELES and ANGELICA VELASQUEZ,<br><br>              Plaintiffs,<br>v.<br><br>MARISA MAGLIULO (a.k.a. MARISA MAY),<br><br>              Defendant. | 15 CV 2328<br><br>COMPLAINT<br><br>DEMAND FOR BENCH TRIAL |



1.    Plaintiffs allege as follows:

## JURISDICTION AND VENUE

2.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.    Venue is proper in this District because Defendants conducts business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4.    Defendant Marisa Magliulo (a.k.a Marisa May) is hereinafter referred to as "Ms. May" or "Defendant."

1

5. Defendant was co-owner of a restaurant named SD26. SD26 is a restaurant located on 19 East 26th Street, New York, NY 10016 and is a New York limited liability company known as "SDNY 19 Mad Park, LLC" (hereinafter referred to as "SD26").

6. Defendant was actively involved in the management of SD26.

7. SD26 is the successor of a restaurant called San Domenico which was located at 240 Central Park South, New York, New York 10019.

8. Upon information and belief SD26 has an annual gross volume of sales in excess of $500,000.

9. At San Domenico and SD26 Defendant had ultimate authority over employees' rates of pay, schedules, hiring and firing, and maintenance of employment records. Defendant exercised sufficient control of the restaurant's day to day operations to be considered Plaintiffs' employer under the FLSA and New York Labor Law.

10. Defendant was deposed on January 8, 2014 in a lawsuit styled *Encalada et al v. SDNY 19 Mad Park, LLC et al*, 13 Civ. 1926 (PAC) (S.D.N.Y.). At her deposition, and as set forth below, Defendant testified that she exercised operational control over the restaurant's operations.

11. Defendant testified that she had the authority to hire employees at the restaurant.

12. Defendant testified that she had the authority to fire employees at the restaurant.

13. Defendant testified that she had the authority to discipline employees at the restaurant.

14. Defendant testified that she approved employees' requests for time off at the restaurant.

2

15. Defendant testified that she worked in the restaurant six to seven days a week and that when she was present in the restaurant gave directions to members of the restaurant's wait staff.

16. Defendant also testified that she participated in the hiring of the restaurant's general manager who was directly responsible for handling payroll matters at the restaurant.

17. Defendant also testified that she supervised the restaurant's general manager.

18. Plaintiff Florinel Ailinca worked for Defendant's restaurant SD26 as a waiter since approximately October 2010.

19. Plaintiff Alejandro Angeles worked for Defendant's restaurant SD26 as a back-waiter from approximately September 2009 until January 2012.

20. Plaintiff Luis Encalada worked at San Domenico as a back-waiter from approximately 1993 until San Domenico closed. Plaintiff Encalada has also worked at SD26 since September 2009.

21. Plaintiff Benjamin Gutierrez worked for Defendant's restaurant SD26 as a back-waiter from approximately February 2010 until July 2012.

22. Plaintiff Junior Pena worked for Defendant's restaurant SD26 as a waiter from April 15, 2010 until 2014.

23. Plaintiff Moises Alberto Perez worked at San Domenico as a waiter from approximately 1996 until San Domenico closed. Plaintiff Perez also worked at SD26 from approximately October 2009 until April 2013.

24. Plaintiff Kareen Sanchez worked for Defendant's restaurant SD26 as a coat check room attendant from approximately September 2009 until March 2011.

25. Plaintiff Federico Scarro worked for Defendant's restaurant SD26 as a waiter from approximately October 2009 until December 2012.

26. Plaintiff Radolfo Teles worked for Defendant's restaurant SD26 as a waiter from approximately March 28, 2011 until April 2013.

27. Plaintiff Angelica Velasquez worked for Defendant's restaurant SD26 as a coat check room attendant from approximately September 2009 until November 2011.

## FACTS

28. Defendant committed the following alleged acts knowingly, intentionally and willfully.

29. Plaintiffs often worked in excess of 40 hours and sometimes as much as 60 hours per week, depending on the season.

30. Despite the fact that Plaintiffs were usually clocked in for 40 hours or more per week, Defendant consistently paid them for 40 hours or less.

31. For the hours that Plaintiffs and Opt-in Plaintiffs were compensated, Defendant compensated them for an amount less than the minimum wage, which Defendant believed she was entitled to apply pursuant to 29 U.S.C 203(m) and 12 N.Y.C.R.R. § 137-1.5, § 146-1.3

32. Plaintiffs and Opt-in Plaintiffs were in fact generally paid an amount equal to the "tip credit" minimum wages under the FLSA and NYLL.

33. However, Defendant was not entitled to utilize any tip credits set forth under the FLSA and NYLL because (a) she required Plaintiffs and Opt-in Plaintiffs to share tips with tip ineligible employees, and (b) she did not give Plaintiffs and Opt-in Plaintiffs appropriate notice of the tip credit as required by the FLSA and NYLL.

4

34. Defendant was not entitled to reduce the minimum wage by applying the tip credit allowance because Defendant misappropriated portions of Plaintiffs' tips. This misappropriation of tips also violated the New York Labor Law ("NYLL").

35. Specifically, Plaintiffs were required to pool their tips with managers and assistant managers. Managers Stefano Lombardozzi, Davide [last name unkown] and Colum [last name unkown], among others, received tips despite regularly performing managerial duties, including disciplining staff, hiring and firing employees, and creating schedules.

36. Upon information and belief, Defendant never informed Plaintiffs and Opt-in Plaintiffs of the dollar amount of the minimum wage.

37. Upon information and belief, Defendant never informed Plaintiffs and Opt-in Plaintiffs that they would be paid at a rate below the minimum wage because Defendants intended to claim a tip credit.

38. Upon information and belief, Defendant never informed Plaintiffs and Opt-in Plaintiffs of the dollar amount of the tip credit Defendants intended to claim.

39. Upon information and belief, Defendant never informed Plaintiffs and Opt-in Plaintiffs that Plaintiffs' and Opt-in Plaintiffs' wages plus tips must equal at least the minimum wage or that the Defendant would make up any difference.

40. Upon information and belief, prior to January 1, 2011, Defendant never provided Plaintiffs and Opt-in Plaintiffs with a statement of every payment of wages and including Plaintiffs' and Opt-in Plaintiffs' hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wage, deductions and net wages.

41. Upon information and belief, Defendant does not have in her possession, custody and/or control any records showing allowances, such as the tip credit, she claimed as part of the minimum wage for the time period prior to (and not including) January 1, 2011.

42. Upon information and belief, for the time period after December 31, 2010, Defendant never provided Plaintiffs and Opt-in Plaintiffs with written notices required by section 146-2.2 of the New York Codes, Rules and Regulations ("NYCRR").

43. Specifically, Defendant did not provide Plaintiffs and Opt-in Plaintiffs with a written notice, in Plaintiffs' and Opt-in Plaintiff' primary language(s), that outlined Planitiffs' regular hourly pay rate, overtime hourly pay rate, the amount of the tip credit that was taken from the basic minimum hourly rate, and Plaintiffs' regular payday.

44. Upon information and belief, Defendant does not have in her possession, custody and/or control any written acknowledgements indicating that Plaintiffs and/or Opt-in Plaintiffs received written notices in compliance with section 146-2.2 of the NYCRR.

45. Defendant also did not provide Plaintiffs with the wage notices required by N.Y. Lab. Law § 195.

46. For example, Defendant did not provide Plaintiffs with annual wage notices.

47. Additionally, Plaintiffs did not receive paystubs that stated the true amount of hours that they worked and the wages to which they were entitled.

48. Plaintiffs who were employed in the coat check area also never received any wage notices.

49. Plaintiffs' workdays often lasted longer than 10 hours.

50. Defendant did not pay Plaintiffs New York's "spread of hours" premium for every day in which they worked over 10 hours.

51. Defendant knew that nonpayment of minimum wage, overtime and spread of hours pay, and improperly forcing the Plaintiffs to share their tips with Defendant's agents would economically injure Plaintiffs and violated federal and state laws.

52. Defendant knowingly committed the foregoing acts against the Plaintiffs.

53. Prior to June 2008, Defendant SD26 operated as a restaurant named San Domenico which was located at 240 Central Park South, New York, New York 10019.

54. San Domenico closed in approximately June 2008.

55. In approximately September 2009, San Domenico re-opened under a different name, SD26.

56. SD26 is the successor of the San Domenico and it continues the same operation as San Domenico.

57. The "SD" in SD26 is an abbreviation of San Domenico.

58. Defendant Magliulo managed San Domenico and owned, operated and managed SD26.

59. Defendant had the authority to hire, fire and discipline employees and was responsible for, and in fact, hired the other members of the restaurant's management staff.

60. SD26 continued to offer the same style of dining and cuisine as San Domenico.

61. SD26 employed many of the employees who were employed as part of San Domenico's work force. For example, Plaintiffs Luis Encalada and Moises Perez were employed at both San Domenico and SD26.

62. SD26's manager, Stefano Lombardozzi, was also the manager at San Domenico.

63. At bench trial before Judge Crotty held from November 3, 2015 until November 6, 2015, which dealt with substantially the same issues as those raised in this Complaint, the

Court found all of the facts stated herein were true with respect to Defendant's co-owner at SD26, Antonio Magliulo. *See Encalada et al. v. Magliulo*, 13 Civ. 1926 (PAC) (S.D.N.Y.).

## FIRST CLAIM FOR RELIEF
### (FLSA Claims, 29 U.S.C. §§ 201, *et seq.*)

64. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

65. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA. At all relevant times, Defendant has employed "employee[s]," including Plaintiffs.

66. Throughout the statute of limitations period covered by these claims, Defendant knowingly failed to pay Plaintiffs the federal minimum wage for each hour worked.

67. Plaintiffs seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)

68. Plaintiffs reallege and incorporate by reference all previous paragraphs.

69. Throughout the statute of limitations period covered by these claims, Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

70. At all relevant times, Defendant had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiffs at one and one half times the minimum wage

for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though Plaintiffs have been and are entitled to overtime.

71. At all relevant times, Defendant willfully, regularly and repeatedly failed to pay Plaintiffs at the required overtime rate of one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

72. Plaintiffs seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*)

73. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

74. Defendant knowingly paid Plaintiffs less than the New York State minimum wage.

75. Defendant did not pay Plaintiffs the New York minimum wage for all hours worked.

76. Defendant's failure to pay Plaintiffs the New York minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

77. As a result of Defendant's willful and unlawful conduct, Plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FOURTH CLAIM FOR RELIEF
(New York Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.*,
N.Y. Comp. Codes R. & Regs. Tit. 12, §§ 137-1.3, 146-1.4)

78. Plaintiffs reallege and incorporate by reference all previous paragraphs.

79. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

80. Throughout the Liability Period, Defendant willfully, regularly and repeatedly failed to pay Plaintiffs at the required overtime rate of one-and-one-half times the minimum wages for hours worked in excess of forty (40) hours per workweek.

81. As a result of Defendant's willful and unlawful conduct, Plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FIFTH CLAIM FOR RELIEF
(Illegal Deductions from Gratuities, N.Y. Lab. L. §§ 193, 196-d and 198-b)

82. Plaintiffs reallege and incorporate by reference all previous paragraphs.

83. Defendant willfully misappropriated portions of Plaintiffs' tips and gave them to management employees.

84. As a result of Defendant's willful and unlawful conduct, Plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### SIXTH CLAIM FOR RELIEF
(New York Spread of Hours Violations, N.Y. Lab. L. §§ 650 *et seq.*,
N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7, 146-1.6)

85. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

86. Plaintiffs regularly had workdays that lasted more than ten (10) hours.

87. Defendant willfully and intentionally failed to compensate Plaintiffs one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

88. As a result of Defendant's willful and unlawful conduct, Plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### SEVENTH CLAIM FOR RELIEF
(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)

89. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

90. Defendant did not provide Plaintiffs with the notices required by N.Y. Lab. Law § 195.

91. As a result of Defendant's unlawful conduct, Plaintiffs are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A. An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

B. Penalties available under applicable laws;

C. Costs of action incurred herein, including expert fees;

D. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

E. Pre-Judgment and post-judgment interest, as provided by law; and

F. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR BENCH TRIAL

Plaintiffs hereby demand a bench trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated: New York, New York
March 27, 2015

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

By: _____
Josef Nussbaum
D. Maimon Kirschenbaum
233 Broadway, 5th Floor
New York, NY 10279
Tel: (212) 688-5640
Fax: (212) 688-2548
*Attorneys for Plaintiffs*