UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LUIS ENCALADA, FLORINEL AILINCA,
ALEJANDRO ANGELES, BENJAMIN                    Case No.: 15-CV-2328
GUTIERREZ, JUNIOR PENA,MOISES
PEREZ, KAREEN SANCHEZ, FEDERICO
SCARRO, RADOLFO TELES and ANGELICA
VELASQUEZ,
                                    Plaintiffs,

          -against-


MARISA MAGLIULO (a.k.a. MARISA MAY)

                                    Defendant.
-----------------------------------------------------------X




## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS THE COMPLAINT




Dated:          Commack, New York
                May 31, 2015

                                    The Ziskin Law Firm, LLP
                                    Suzanne Harmon Ziskin, Esq.
                                    Richard B. Ziskin, Esq.
                                    Attorneys for Defendant
                                    Office and P.O. Address:
                                    6268 Jericho Turnpike
                                    Suite 12A
                                    Commack, New York 11725
                                    (631) 462-1417

# TABLE OF CONTENTS

PROCEDURAL HISTORY_____1

FACTS_____1

ENCALADA 1_____1

PARALLEL COMPLAINTS_____3

FEDERAL RULE OF CIVIL PROCEDURE 12_____11

ARGUMENT_____12

I. THE STANDARD OF REVIEW FOR MOTIONS TO DISMISS_____12

LEGAL STANDARD: RULE 12(b)(6)_____12

II. PLAINTIFFS ARE PRECLUDED FROM LITIGATING THIS
MATTER UPON THE BASIS OF COLLATERAL ESTOPPEL
(ISSUE PRECLUSION)_____14

III. PLAINTIFFS ARE PRECLUDED FROM LITIGATING THIS
MATTER UPON THE BASIS OF RES JUDICATA (CLAIM PRECLUSION)_____17

IV. PLAINTIFFS ARE PRECLUDED FROM LITIGATING THIS
MATTER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 19_____19

V.  THE CLAIMS OF PLAINTIFF ANGELICA VELASQUEZ,
ALEJANDRO ANGELES AND  KAREEN SANCHEZ SHOULD
BE DISMISSED AS THEY ARE TIME BARRED UNDER THE
FAIR LABOR STANDARDS ACT_____21

CONCLUSION_____22

## <u>TABLE OF AUTHORITIES</u>

2 Broadway LLC v. Credit Suisse First Boston Mortgage Capital LLC, No. 00 Civ. 5773,
2001 U.S. Dist. LEXIS 4875, 2001 WL 410074, at *5 (S.D.N.Y. Apr. 23, 2001)_____13

Access 4 All, Inc., at al. v. Trump International Hotel and Tower Condominium, et al.;
2007 U.S. Dist. LEXIS 13560 _____ 12, 13, 14, 16

Allen v. West Point-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991))_____12

Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994)_____14

Carbonell v. Louisiana Dep't of Health & Human Resources, 772 F.2d 185, 189 (5th Cir. 1985)____13

Central  Hudson Gas & Elec. Co. v. Empresa Naviera, Santa S.A., 56 F.3d 359,
367-68 (2d Cir. 1995)_____18

Clifford Johnson v.  County of Nassau et al.; 480 F. Supp. 2d 581; 2007 U.S. Dist. LEXIS 18330_____18

Conte v. Justice, 996 F.2d 1398, 1400 (2d Cir. 1993) _____12, 14

Copantitla et al. v.  Fiskardo Estiatorio, Inc. et al; 788 F. Supp. 2d 253;
2011 U.S. Dist. LEXIS 58670_____15

Cortec Indus., Inc. v. Sum Holding, L.P., 949 F.2d 42, 47-48 (2d Cir. 1991)_____12

David C. Gilberg, v. Joseph P. Barbieri,  53 N.Y.2d 285; 423 N.E.2d 807; 441 N.Y.S.2d 49;
1981 N.Y. LEXIS 2497_____17

Expert Electric Inc. v. Levine, 554 F.2d 1227, 1232 (2d Cir.), cert. denied,
434 U.S. 903, 54 L. Ed. 2d 190, 98 S. Ct. 300 (1977)_____17

Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S. Ct. 2424,
69 L. Ed. 2d 103 [1981])_____18

Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)_____12

Gramatan Home Investors Corp. v. Lopez, 46 N.Y.2d 481, 386 N.E.2d 1328, 1331,
414 N.Y.S.2d 308 (N.Y. 1979)_____14, 16

Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984)_____12

Jerome Mckoy, v. William J. Henderson et al.; 007 U.S. Dist. LEXIS 5807_____ 13, 14, 17, 18, 19

Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991)_____13, 14

LaFleur, 300 F.3d at 271_____16

Leonard F. v. Israel Disc. Bank of N.Y., 199 F.3d 99, 107 (2d Cir. 1999) _____12

Monahan et al. v. New York City Department of Corrections, et al,  214 F.3d 275;

2000 U.S. App. LEXIS 12560; 47 Fed. R. Serv. 3d 683_____17, 18

iii

N.L.R.B. v. United Technologies Corp., 706 F.2d 1254, 1260 (2d Cir. 1983)     15

Nancy Kosakow v. New Rochelle Radiology Associates, P.C., 88 F. Supp. 2d 199;
2000 U.S. Dist. LEXIS 3122     15, 16

NLRB v. Thalbo Corp., 171 F.3d 102, 109 (2d Cir. 1999)     14, 15

Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326-31, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979)     14

Prime Management Co., Inc. v. Steinegger, 904 F.2d 811, 816 (2d Cir. 1990)     19

Ryan v. New York Telephone Co., 62 N.Y.2d 494, 478 N.Y.S.2d 823, 467 N.E.2d 487 (1984)     16

Ryder Energy Dist. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir. 1984)     12

Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993)     13

Sassower v. Abrams, 833 F. Supp. 253, 264 n.18 (S.D.N.Y. 1993)     13

Scherer v. Equitable Life Assur. Soc'y of the United States, No. 01 Civ. 10193,
2004 U.S. Dist. LEXIS 18875, 2004 WL 2101932, at *6 (S.D.N.Y. Sept. 21, 2004)     13

Southern Pacific R. Co. v. United States, 168 U.S. 1, 48-49, 42 L. Ed. 355, 18 S. Ct. 18 (1897)     12

St. Pierre v. Dyer, 208 F.3d 394, 399 (2d Cir. 2000)     17, 18

Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)     12

Teltronics Servs., Inc. v. L M Ericsson Telecomms., Inc., 642 F.2d 31, 36 n.8 (2d Cir.),
cert. denied, 450 U.S. 978, 67 L. Ed. 2d 813, 101 S. Ct. 1511 (1981)     17

Timothy P. Mcguiggan et al. v. CPC International, Inc.,  84 F. Supp. 2d 470;
2000 U.S. Dist. LEXIS 1165; 140 Lab. Cas. (CCH) P34,041;
7 Wage & Hour Cas. 2d (BNA) 1366     15

Tornheim v. Eason, 363 F. Supp. 2d 674, 676 (S.D.N.Y. 2005)     12

Waldman v. Village of Kiryas Joel, 207 F.3d 105, 108 (2d Cir. 2000)     19

Weizmann Inst. of Sci. v. Neschis, 229 F. Supp. 2d 234, 252 (S.D.N.Y. 2002)     12


Federal Rule of Civil Procedure 12(b)(6)     12

Federal Rule of Civil Procedure 19(a)(1)     19

29 U.S. Code § 201 et seq     19, 20

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Defendant Marisa Magliulo a.k.a. Marisa May (hereinafter "Ms. May" or "Defendant") brings a Motion under Federal Rule of Civil Procedure 12(b)(6) and (7) seeking that Plaintiffs' Complaint be dismissed for the reasons more fully set forth herein.  A copy of the Complaint in this matter is annexed as Exhibit "A" to the Declaration of Suzanne Harmon Ziskin in Support of Defendant's Motion to Dismiss the Complaint (hereinafter "Ziskin Decl.").

## PROCEDURAL HISTORY

This matter was commenced by Plaintiffs on March 27, 2015 and seeks to recover wages allegedly due and owing pursuant to 29 U.S. Code § 201 et seq. from Marisa May.  Defendant waived service of process pursuant to Rule 12(a)(ii) (Ziskin Decl., Exhibit "B")

## FACTS

### ENCALADA 1

On March 22, 2013, the identical Plaintiffs' in this matter initiated Luis Encalada, et al. v. SDNY 19 Mad Park, L.L.C. and Antonio Magliulo, Case No.: 13-cv-01926 (hereinafter "Encalada I") pursuant to 29 U.S. Code § 201 et seq.  Encalada I sought to recover from against SDNY 19 Mad Park, L.L.C., a corporate entity which owned the restaurant for which Plaintiffs were employed, and Antonio Magliulo, co-owner of SDNY 19 Mad Park, L.L.C., the same allegedly underpaid wages which Plaintiffs' are currently seeking from Ms. May.  According to the docket sheet, the Complaint in Encalada I was amended on at least one occasion (Ziskin

1

Decl.,, Exhibit "C").  The Complaint in this matter, at paragraph 10, specifically sets forth that Defendant was deposed in Encalada I on January 8, 2014 (Ziskin Decl.,, Exhibit "A").  The information gleaned from the January 8, 2014 deposition forms the basis for the Complaint at paragraphs 5-17. (See Ziskin Decl, Exhibit "A").  No explanation is given as to why Plaintiffs did not name Ms. May as a Defendant in Encalada I, nor is any information given as to why the Complaint in such matter was not amended after the January 8, 2014 deposition to add Ms. May as a Defendant.

On April 15, 2014, SDNY 19 Mad Park, L.L.C. filed for Chapter 11 bankruptcy protection.  The court was notified of the filing on April 17, 2014.  (Ziskin Decl.,, Exhibit "I"). The Chapter 11 filing stayed the action in Encalada I against corporate defendant SDNY 19 Mad Park, L.L.C.  On November 3, 2014 a bench trial commenced in Encalada I.  On November 6, 2014, at the conclusion of Encalada I's bench trial, Your Honor issued an order which found that remaining Defendant Antonio Magliulo violated both the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL") by: (1) improperly forcing Plaintiffs to share their tips with tip ineligible individuals; (2) improperly paying Plaintiffs pursuant to a tip credit; (3) failing to pay Plaintiffs for all hours worked, including both regular and overtime hours; (4) failing to pay Plaintiffs the spread of hours premium when the length of their workday spanned more than ten hours; and (5) failing to provide them with the appropriate wage notices under the FLSA and the NYLL, including adequate notice of the tip credit.  By order dated January 8, 2015, Your Honor accepted Plaintiffs' damages calculations in Encalada I.  (Ziskin Decl., Exhibit "E").  By order dated March 26, 2015, the Clerk was directed to enter judgment in Encalada I (Ziskin Decl., Exhibit "F").  Judgment was entered against Antonio Magliulo on

March 31, 2015 (Ziskin Decl., Exhibit "G").  The matter is currently being appealed to the

Second Circuit Court of Appeals.   (Ziskin Decl., Exhibit "H")


PARALLEL COMPLAINTS

The Complaint in the instant matter is, by Plaintiffs' own admission, substantially similar

to the Complaint in Encalada I.  Specifically, at paragraph 63 of the Complaint in this matter,

Plaintiffs state that Encalada I" dealt with substantially the same issues as those raised in this

Complaint."     This assertion is correct, the similarities between the Complaints are significant

and substantial.  Whole paragraphs have been copied from the Complaint in Encalada I and

inserted in to the Complaint in the instant matter.  In fact, the bulk of the Complaint in the instant

matter mirrors the Complaint in Encalada I.

With respect to the Plaintiffs' allegations of Jurisdiction and Venue, Paragraphs 1, 2, and

3 of the instant Complaint are identical to those in Encalada I.  With respect to the allegations

entitled The Parties, while Paragraph 4 and 5 of both the instant Complaint and the Complaint in

Encalada I deal with addressing specifics to the Defendants in each matter, the rest of the

allegations in such sections are strikingly similar.  The allegations contained in paragraph 6 of

the Complaint in this matter are substantially similar to the allegations set forth in paragraph 7 of

the Complaint in the Encalada I matter.  The allegations contained in paragraph 9 of the

Complaint in this matter are substantially similar to the allegations set forth in paragraph 7 of the

Complaint in the Encalada I matter.

Paragraphs 10, 11, 12, 13, 14, 15, 16 and 17 of the Complaint in this matter specifically

set forth that the information contained therein was ascertained from the deposition of Ms. May

taken during discovery in Encalada I.  By Plaintiffs' own admission, such claims were specifically derived from the discovery of Encalada I.

The allegations contained in paragraph 18 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 9 of the Complaint in the Encalada I matter.  The allegations contained in paragraph 19 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 10 of the Complaint in the Encalada I matter.  The allegations contained in paragraph 20 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 8 of the Complaint in the Encalada I matter.  The allegations contained in paragraph 21 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 11 of the Complaint in the Encalada I matter.  The allegations contained in paragraph 22 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 12 of the Complaint in the Encalada I matter.  The allegations contained in paragraph 23 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 13 of the Complaint in the Encalada I matter.  The allegations contained in paragraph 24 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 14 of the Complaint in the Encalada I matter.  The allegations contained in paragraph 25 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 15 of the Complaint in the Encalada I matter.  The allegations contained in paragraph 26 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 27 of the Complaint in the Encalada I matter.  The allegations contained in paragraph 27 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 17 of the Complaint in the Encalada I matter.

4

With respect to the allegations entitled <u>Facts</u>, the allegations contained therein are again strikingly similar.  Allegations contained in paragraph 28 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 18 of the Complaint in the <u>Encalada I</u> matter.  The allegations contained in paragraph 29 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 30 of the Complaint in the <u>Encalada I</u> matter.  The allegations contained in paragraph 30 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 20 of the Complaint in the <u>Encalada I</u> matter.

The allegations contained in paragraph 31, 32, 33 and 34 of the Complaint in this matter contain allegations which are substantially similar to the allegations set forth in paragraph 21 and 22 of the Complaint in the <u>Encalada I</u> matter.  The allegations contained in paragraph 35 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 23 of the Complaint in the <u>Encalada I</u> matter.  The allegations contained in paragraph 36 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 31 of the Complaint in the <u>Encalada I</u> matter.

The allegations contained in paragraphs 37, 38, 39 and 40 of the Complaint contain allegations which are substantially similar to the allegations set forth in paragraph 31 of the <u>Encalada I</u> Complaint.

The allegations contained in paragraphs 41 of the Complaint in this matter appear to set forth information that was ascertained from the deposition of Ms. May taken during discovery in <u>Encalada I.</u>

The allegations contained in paragraphs 42 and 43 of the Complaint contain allegations which are substantially similar to the allegations set forth in paragraph 31 of the Encalada I Complaint.

The allegations contained in paragraphs 44 of the Complaint in this matter appear to set forth information that was ascertained from the deposition of Ms. May taken during discovery in Encalada I.

The allegations contained in paragraphs 45, 46, 47 and 48 of the Complaint contain allegations which are substantially similar to the allegations set forth in paragraph 31 of the Encalada I Complaint.

The allegations contained in paragraph 49 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 26 of the Complaint in the Encalada I matter. The allegations contained in paragraph 50 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 27 of the Complaint in the Encalada I matter.

The allegations contained in paragraph 51 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 29 of the Complaint in the Encalada I matter.  The allegations contained in paragraph 52 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 30 of the Complaint in the Encalada I matter.  The allegations contained in paragraph 53 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 32 of the Complaint in the Encalada I matter.  The allegations contained in paragraph 54 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 33 of the Complaint in the Encalada I matter.  The allegations contained in paragraph 55 of the Complaint in this matter are

substantially similar to the allegations set forth in paragraph 34 of the Complaint in the Encalada I matter.  The allegations contained in paragraph 56 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 35 of the Complaint in the Encalada I matter.  The allegations contained in paragraph 57 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 36 of the Complaint in the Encalada I matter.

The allegations contained in paragraph 59 of the Complaint in this matter appear to set forth information that was ascertained from the deposition of Ms. May taken during discovery in Encalada I.     The allegations contained in paragraph 60 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 39 of the Complaint in the Encalada I matter.     The allegations contained in paragraph 61 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 40 of the Complaint in the Encalada I matter.  The allegations contained in paragraph 62 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 41 of the Complaint in the Encalada I matter.

The allegations contained in paragraph 63 of the Complaint specifically state that Encalada I "dealt with substantially the same issues as those raised in this Complaint."    This contention ia already abundantly clear simply from a review of the Complaints to this point.

Both Complaints contain the same "FIRST CLAIM FOR RELIEF", which is entitled "FLSA Claims, 29 U.S.C. §§ 201, et seq."  The allegations of such Complaints are virtually identical.  The allegations contained in paragraph 64 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 44 of the Complaint in the Encalada I matter.   The allegations contained in paragraph 65 of the Complaint in this matter are

substantially similar to the allegations set forth in paragraph 45 of the Complaint in the Encalada I matter.  The allegations contained in paragraph 66 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 46 of the Complaint in the Encalada I matter.  The allegations contained in paragraph 67 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 47 of the Complaint in the Encalada I matter.

Both Complaints contain the same "SECOND CLAIM FOR RELIEF", which is entitled "FLSA Overtime Violations, 29 U.S.C. §§ 201, et seq."  The allegations of such Complaints are indistinguishable from each other.  The allegations contained in paragraph 68 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 48 of the Complaint in the Encalada I matter.  The allegations contained in paragraph 69 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 49 of the Complaint in the Encalada I matter. The allegations contained in paragraph 70 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 50 of the Complaint in the Encalada I matter.  The allegations contained in paragraph 71 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 51 of the Complaint in the Encalada I matter. The allegations contained in paragraph 72 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 52 of the Complaint in the Encalada I matter.

Both Complaints contain the same "THIRD CLAIM FOR RELIEF", which is entitled "New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650, et seq."  The allegations of such Complaints are again duplicative. The allegations contained in paragraph 73 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 53 of

8

the Complaint in the Encalada I matter. The allegations contained in paragraph 74 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 54 of the Complaint in the Encalada I matter.  The allegations contained in paragraph 75 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 55 of the Complaint in the Encalada I matter.  The allegations contained in paragraph 76 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 56 of the Complaint in the Encalada I matter.  The allegations contained in paragraph 77 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 57 of the Complaint in the Encalada I matter.

Both Complaints contain the same "FOURTH CLAIM FOR RELIEF" entitled "New York Overtime Violations,  N.Y. Lab. L. §§ 650, et seq.,  N.Y. Comp. Codes R. & Regs. Tit. 12 § § 137-1.3, 146-1.4", which are again indistinguishable.  The allegations contained in paragraph 78 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 50 of the Complaint in the Encalada I matter.  The allegations contained in paragraph 79 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 59 of the Complaint in the Encalada I matter.  The allegations contained in paragraph 80 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 60 of the Complaint in the Encalada I matter.  The allegations contained in paragraph 81 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 61 of the Complaint in the Encalada I matter.

Both Complaints contain the same "FIFTH CLAIM FOR RELIEF", which is entitled "Illegal Deductions from Gratuities , N.Y. Lab. L. §§ 193, 196-d and 198-b"  As set forth below, the allegations of such Complaints are indistinguishable from the other.  The allegations

9

contained in paragraph 82 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 62 of the Complaint in the Encalada I matter.  The allegations contained in paragraph 83 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 63 of the Complaint in the Encalada I matter.  The allegations contained in paragraph 84 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 64 of the Complaint in the Encalada I matter.

Both Complaints contain the same "SIXTH CLAIM FOR RELIEF", which is entitled "New York Spread of Hours Violations, N.Y. Lab. L. §§ 650 et seq., N.Y. Comp. Codes R. & Regs. Tit. 12 § § 137-1.3, 146-1.4."  The allegations contained in paragraph 85 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 65 of the Complaint in the Encalada I matter.  The allegations contained in paragraph 86 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 66 of the Complaint in the Encalada I matter.  The allegations contained in paragraph 87 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 67 of the Complaint in the Encalada I matter.  The allegations contained in paragraph 88 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 68 of the Complaint in the Encalada I matter.

Both Complaints contain the same "SEVENTH CLAIM FOR RELIEF" entitled "New York Notice Requirements, N.Y. Lab. L. § § 195, 198."  The allegations contained in paragraph 89 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 69 of the Complaint in the Encalada I matter.  The allegations contained in paragraph 90 of the Complaint in this matter are substantially similar to the allegations set forth in paragraph 70 of the Complaint in the Encalada I matter.  The allegations contained in paragraph

10

91 of the Complaint in this matter are substantially similar to the allegations set forth in

paragraph 71 of the Complaint in the Encalada I matter.

The Prayer for Relief in the instant matter contains the exact same language as the Prayer

for Relief in Encalada I.


### FEDERAL RULE OF CIVIL PROCEDURE 12

In this matter, Defendant waived service of process pursuant to Rule 12(a)(ii) (Ziskin

Decl., Exhibit "B").  Federal Rule of Civil Procedure Rule 12(a), Time to Serve a Responsive

Pleading, sets forth as follows:

> (ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a
> waiver was sent, or within 90 days after it was sent to the defendant outside any judicial
> district of the United States.


With respect to time requirements to file Motions to Dismiss, Federal Rule of Civil

Procedure Rule 12(b) sets forth as follows:

> (b) How to Present Defenses.  Every defense to a claim for relief in any pleading must be
> asserted in the responsive pleading if one is required. But a party may assert the
> following defenses by motion:
>    (1) lack of subject-matter jurisdiction;
>    (2) lack of personal jurisdiction;
>    (3) improper venue;
>    (4) insufficient process;
>    (5) insufficient service of process;
>    (6) **failure to state a claim upon which relief can be granted**; and
>    (7) **failure to join a party under Rule 19**.
> **A motion asserting any of these defenses must be made before pleading if a
> responsive pleading is allowed**. If a pleading sets out a claim for relief that does not
> require a responsive pleading, an opposing party may assert at trial any defense to that
> claim. **No defense or objection is waived by joining it with one or more other
> defenses or objections in a responsive pleading or in a motion**. (emphasis added)

Federal Rule of Civil Procedure Rule 12(a)(4) (A) states "if the court denies the motion

or postpones its disposition until trial, the responsive pleading must be served within 14 days

11

after notice of the court's action" Rule 12(a)(4)(B) states "if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served."

# ARGUMENT

## I. THE STANDARD OF REVIEW FOR MOTIONS TO DISMISS

"The function of a motion to dismiss is "to assess the legal feasibility of the complaint…'" Ryder Energy Dist. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir. 1984) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)). Access 4 All, Inc., at al. v. Trump International Hotel and Tower Condominium, et al.; 2007 U.S. Dist. LEXIS 13560   A motion to dismiss should be granted if it appears "clear" that Plaintiff can prove no set of facts in support of the claim which would entitle Plaintiff to relief consistent with the allegations in the Complaint. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984)); Weizmann Inst. of Sci. v. Neschis, 229 F. Supp. 2d 234, 252 (S.D.N.Y. 2002) Access 4 All, Inc., at al. v. Trump International Hotel and Tower Condominium, et al.; 2007 U.S. Dist. LEXIS 13560

## LEGAL STANDARD: RULE 12(b)(6)

Defendant in this action brings a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). "In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration 'to facts stated on the face of the complaint, in documents appended to the

complaint or incorporated in the complaint by reference, and to matters of which judicial notice

may be taken.'" Leonard F. v. Israel Disc. Bank of N.Y., 199 F.3d 99, 107 (2d Cir. 1999)

(quoting Allen v. West Point-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991)). Access 4 All, Inc.,

at al. v. Trump International Hotel and Tower Condominium, et al.; 2007 U.S. Dist. LEXIS

13560.  However, a court may consider public records, Tornheim v. Eason, 363 F. Supp. 2d 674,

676 (S.D.N.Y. 2005), as well as documents alleged or referenced in, but not attached to, the

complaint. See Cortec Indus., Inc. v. Sum Holding, L.P., 949 F.2d 42, 47-48 (2d Cir. 1991)

(allowing defendant to produce a prospectus with its motion to dismiss which plaintiff failed to

attach to the complaint); 2 Broadway LLC v. Credit Suisse First Boston Mortgage Capital LLC,

No. 00 Civ. 5773, 2001 U.S. Dist. LEXIS 4875, 2001 WL 410074, at *5 (S.D.N.Y. Apr. 23,

2001). Access 4 All, Inc., at al. v. Trump International Hotel and Tower Condominium, et al.;

2007 U.S. Dist. LEXIS 13560.

        As Encalada I is a matter of public record, the court may consider such documents in

deciding the motion.  Further, as the deposition of Ms. May is specifically referenced in the

Complaint, the court may also use the existence of such deposition to support its decision.

        It is well settled that a court may dismiss a claim on res judicata or collateral estoppel

grounds on a Rule 12(b)(6) motion." Jerome Mckoy, v. William J. Henderson et al.; 007 U.S.

Dist. LEXIS 5807; Sassower v. Abrams, 833 F. Supp. 253, 264 n.18 (S.D.N.Y. 1993); Carbonell

v. Louisiana Dep't of Health & Human Resources, 772 F.2d 185, 189 (5th Cir. 1985) (court may

dismiss sua sponte on res judicata grounds provided that it either has before it "all relevant data

and legal records" or is in the same district in which the original action was filed); see also

Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993) (citing Carbonell with approval). Jerome

Mckoy, v. William J. Henderson et al.; 007 U.S. Dist. LEXIS 5807

When a motion to dismiss is premised on the doctrine of res judicata, a court is permitted to take judicial notice of and consider the complaints and the record generated in both actions without having to convert the motion to dismiss into a summary judgment motion. See Scherer v. Equitable Life Assur. Soc'y of the United States, No. 01 Civ. 10193, 2004 U.S. Dist. LEXIS 18875, 2004 WL 2101932, at *6 (S.D.N.Y. Sept. 21, 2004). "[C]ourts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991). Jerome Mckoy, v. William J. Henderson et al.; 007 U.S. Dist. LEXIS 5807.

## II. PLAINTIFFS ARE PRECLUDED FROM LITIGATING THIS MATTER UPON THE BASIS OF COLLATERAL ESTOPPEL (ISSUE PRECLUSION)

Collateral estoppel, or issue preclusion, precludes the re-litigation of issues raised between the same parties in a subsequent litigation, regardless of the underlying claims from which those issues arose. Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994).  Courts have long acknowledged the use of defensive collateral estoppel by a defendant who was not a party to the previous litigation. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326-31, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979).

The doctrine of collateral estoppel exists to preserve judicial resources and "is grounded on the premise that once a person has been afforded a full and fair opportunity to litigate a particular issue, that person may not be permitted to do so again." Gramatan Home Investors Corp. v. Lopez, 46 N.Y.2d 481, 386 N.E.2d 1328, 1331, 414 N.Y.S.2d 308 (N.Y. 1979); see also Conte v. Justice, 996 F.2d 1398, 1400 (2d Cir. 1993) ("While premised on notions of due process and fairness, the doctrine also acts to conserve the resources of courts and litigants, reduce

inconsistent results, and promote the interest in finality of judgments. ") Access 4 All, Inc., at al. v. Trump International Hotel and Tower Condominium, et al.; 2007 U.S. Dist. LEXIS 13560.

Collateral estoppel bars a party and its privies from relitigating an issue if there is a judgment in a prior proceeding and "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." NLRB v. Thalbo Corp., 171 F.3d 102, 109 (2d Cir. 1999); Copantitla et al. v. Fiskardo Estiatorio, Inc. et al; 788 F. Supp. 2d 253; 2011 U.S. Dist. LEXIS 58670.

At the outset, is clear from an examination of the Complaints in both matters as well as an examination of the docket sheet in Encalada I that the issues in both proceedings are identical and that the issue in the prior proceeding was actually litigated and actually decided. As is more fully set forth in above, the Complaints in the instant matter and Encalada I plead the exact same claims. The only difference is that this matter was initiated two years after the original litigation and after issuance of a final order in such matter, against another owner of the corporations in Encalada I. Hence, Defendant's motion meets the first two criteria of the collateral estoppel test. With respect to the third requirement of the test, it is also clear from both the docket in Encalada I and the Complaints in both matters that there was full and fair opportunity to litigate in the prior proceeding. In fact, the defendant in this matter was deposed in the previous matter by Plaintiffs' own admission.

With respect to the fourth and final requirement, it is clear from the record that the issue previously litigated is necessary to support a valid and final judgment on the merits in this matter. Collateral estoppel "will bar the relitigation of an issue of law or fact that was raised,

15

litigated, and actually decided by a judgment in a prior proceeding between the parties, if the determination of that issue was essential to the judgment, regardless of whether or not the two proceedings are based on the same claim." N.L.R.B. v. United Technologies Corp., 706 F.2d 1254, 1260 (2d Cir. 1983); Timothy P. Mcguiggan et al. v. CPC International, Inc.,  84 F. Supp. 2d 470; 2000 U.S. Dist. LEXIS 1165; 140 Lab. Cas. (CCH) P34,041; 7 Wage & Hour Cas. 2d (BNA) 1366;  Nancy Kosakow v. New Rochelle Radiology Associates, P.C., 88 F. Supp. 2d 199; 2000 U.S. Dist. LEXIS 3122.

In the instant matter it is clear that the allegations contained in the Complaints derive their claims from Ms. May's purported relationship with the corporate defendant in Encalada I. it is clear from the record that the matter was fully litigated against such corporation and that such matter against the corporate defendant was later stayed due to bankruptcy.  To expect Ms. May to fully litigate this matter on her own without the corporate defendant or her co-owner would be inappropriate.  Such parties are essential to the issue of judgment.

New York courts apply collateral estoppel in similar circumstances to the final judgments of other tribunals when: (1) the issue in the second action was identical to an issue that was raised, necessarily decided, and material in the first action; (2) the parties had a full and fair opportunity to litigate the issue; and (3) the issue is decisive in the present action. See LaFleur, 300 F.3d at 271; Access 4 All, Inc., at al. v. Trump International Hotel and Tower Condominium, et al.; 2007 U.S. Dist. LEXIS 13560 .  Collateral estoppel exists when the issues in both proceedings are identical, there was [a] full and fair opportunity to litigate in the prior proceeding, and the issue was necessarily raised and decided.  Gramatan Home Investors Corp. v. Lopez, 46 N.Y.2d 481, 485, 414 N.Y.S.2d 308, 386 N.E.2d 1328 .  The burden rests with the party opposing the application of collateral estoppel to prove that it did not have a full and fair

opportunity to litigate the issue at hand during the previous litigation.  <u>Ryan v. New York</u>

<u>Telephone Co.</u>, 62 N.Y.2d 494, 478 N.Y.S.2d 823, 467 N.E.2d 487 (1984). <u>Nancy Kosakow v.</u>

<u>New Rochelle Radiology Associates, P.C.</u>, 88 F. Supp. 2d 199; 2000 U.S. Dist. LEXIS 3122.

Courts have found that the factors determining whether a party had a full and fair opportunity to

litigate "would include such considerations as the size of the claim, the forum of the prior

litigation, the use of initiative, the extent of the litigation, the competence and experience of

counsel, the availability of new evidence, indications of a compromise verdict, differences in the

applicable law and foreseeability of future litigation" <u>David C. Gilberg, v. Joseph P. Barbieri</u>,  53

N.Y.2d 285; 423 N.E.2d 807; 441 N.Y.S.2d 49; 1981 N.Y. LEXIS 2497

In the instant matter it is clear that Plaintiff had a full and fair opportunity to litigate the

issue at hand against Ms. May during the previous litigation.  Their failure to do so at such time,

while inexplicable, does not permit Plaintiffs to relitigate the exact same issue in this matter

under the doctrine of collateral estoppel.

## III. PLAINTIFFS ARE PRECLUDED FROM LITIGATING THIS MATTER UPON THE BASIS OF RES JUDICATA (CLAIM PRECLUSION)

The doctrine of res judicata was also established as a means to promote legal economy

and certainty.  <u>Expert Electric Inc. v. Levine</u>, 554 F.2d 1227, 1232 (2d Cir.), cert. denied, 434

U.S. 903, 54 L. Ed. 2d 190, 98 S. Ct. 300 (1977); <u>Monahan et al. v. New York City Department</u>

<u>of Corrections, et al</u>,  214 F.3d 275; 2000 U.S. App. LEXIS 12560; 47 Fed. R. Serv. 3d 683.

Enforcement of res judicata is essential to the maintenance of social order; for the aid of judicial

tribunals would not be invoked for the vindication of rights of person and property if, as between

parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect

of all matters properly put in issue, and actually determined by them. <u>Southern Pacific R. Co. v.</u>

United States, 168 U.S. 1, 48-49, 42 L. Ed. 355, 18 S. Ct. 18 (1897), quoted in Teltronics Servs.,

Inc. v. L M Ericsson Telecomms., Inc., 642 F.2d 31, 36 n.8 (2d Cir.), cert. denied, 450 U.S. 978,

67 L. Ed. 2d 813, 101 S. Ct. 1511 (1981); Monahan et al. v. New York City Department of

Corrections, et al,  214 F.3d 275; 2000 U.S. App. LEXIS 12560; 47 Fed. R. Serv. 3d 683

"Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of

an action precludes the parties or their privies from relitigating issues that **were or could have**

**been raised in that action**." Jerome Mckoy, v. William J. Henderson et al.; 007 U.S. Dist.

LEXIS 5807; St. Pierre v. Dyer, 208 F.3d 394, 399 (2d Cir. 2000) (quoting Federated

Department Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S. Ct. 2424, 69 L. Ed. 2d 103 [1981])

(emphasis added).

To prove res judicata, a party must show that:

> (1) the previous action involved an adjudication on the merits;
> (2) the previous action involved the plaintiffs or those in privity with them;
> (3) the claims asserted in the subsequent action were, or could have been,
>     raised in the prior action.

Monahan v. New York City Dep't of Corrections, 214 F.3d 275, 285 (2d Cir. 2000);  Jerome

Mckoy, v. William J. Henderson et al.; 007 U.S. Dist. LEXIS 5807.

In the instant matter it is clear from the record that at Encalada I resulted in an

adjudication on the merits.

With respect to the element of privity, the modern principle of privity bars relitigation of

the same cause of action against a new defendant known by a plaintiff at the time of the first suit

in circumstances where the new defendant has a sufficiently close relationship to the original

defendant to justify preclusion." Central  Hudson Gas & Elec. Co. v. Empresa Naviera, Santa

S.A., 56 F.3d 359, 367-68 (2d Cir. 1995). Clifford Johnson v.  County of Nassau et al.; 480 F.

Supp. 2d 581; 2007 U.S. Dist. LEXIS 18330.

It is clear from the facts as set forth above that Plaintiffs had the same cause of action against a newhad knowledge of Ms. May at the time of <u>Encalada I</u>.  This fact is clearly demonstrated by the pleadings themselves.  Plaintiffs specifically and repeatedly mention the deposition of Ms. May in the Complaint in this matter.

"Whether or not the first judgment will have preclusive effect depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether facts essential to the second were present in the first." <u>Jerome Mckoy, v. William J. Henderson et al.</u>; 007 U.S. Dist. LEXIS 5807; <u>Prime Management Co., Inc. v. Steinegger</u>, 904 F.2d 811, 816 (2d Cir. 1990).   To ascertain whether two actions spring from the same "'transaction' or 'claim,'" a court looks to whether the underlying facts are "'related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." <u>Jerome Mckoy, v. William J. Henderson et al.</u>; 007 U.S. Dist. LEXIS 5807; <u>Waldman v. Village of Kiryas Joel</u>, 207 F.3d 105, 108 (2d Cir. 2000).

In the instant matter it is clear from the review of the Complaints in both matters set forth above that the Complaints contain the exact same allegations arising from the exact same transactions and/ or claims.  This is fact is further supported by the fact that Ms. May was deposed in <u>Encalada I</u>.  the issues in the instant matter certainly could have been raised against Ms. May in that action, and arguably should have been.

## IV. PLAINTIFFS ARE PRECLUDED FROM LITIGATING THIS MATTER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 19.

Alternatively, Defendant in this action brings a Motion to Dismiss under <u>Federal Rule of Civil Procedure 12(b)(7).</u>  Federal Rule of Civil Procedure 19(a)(1) states as follows:

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
(A) in that person's absence, the court cannot accord complete relief among existing parties; or
**(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:**
(i) as a practical matter impair or impede the person's ability to protect the interest; or
**(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.**

Federal Rule of Civil Procedure 19(b) states as follows:

(b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
**(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;**

Allowing the instant matter to proceed without necessary parties SDNY 19 Mad Park, L.L.C. and Antonio Magliulo would result in prejudice to Defendant.  Plaintiffs' in the instant matter have provided no reasoning to support their filing of this action as a separate action from Encalada I.  This matter seeks to recover from Ms. May the same allegedly underpaid wages which were sought from SDNY 19 Mad Park, L.L.C. in Encalada I.  It is clear from the docket sheet that the parties in Encalada I participated in extensive and meaniiful discovery.  The Complaint was amended on at least one occasion.  The Complaint in the instant matter, at paragraph 10, specifically sets forth that Plaintiff deposed Ms. May and the information gleaned from that deposition forms the basis for the Complaint in the instant matter at paragraphs 5-17. (See Ziskin Decl, Exhibit "A").  No explanation is given as to why Plaintiffs did not name Ms. May as a Defendant in Encalada I, nor is any information given as to why the Complaint in such matter was not amended after the January 8, 2014 deposition to add Ms. May as a Defendant.  It is clear that the interests of Ms. May would be compromised if she were forced to litigate this

matter independent of the restaurant and her co-owner, with a judgment having been previously

entered against such other party.

## V.  THE CLAIMS OF PLAINTIFF ANGELICA VELASQUEZ, ALEJANDRO ANGELES AND  KAREEN SANCHEZ SHOULD BE DISMISSED AS THEY ARE TIME BARRED UNDER THE FAIR LABOR STANDARDS ACT

Plaintiff seeks to recover alleged underpayments from Marisa May a/k/a Marisa May

pursuant to 29 U.S. Code § 201 et seq. However, the FLSA provides only for a two year statute

of limitations in non-willful violations of the Act, a three year statute of limitations for willful

violations.  29 U.S. Code at § 255 sets forth as follows:

> "Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C. 201 et seq.], the Walsh-Healey Act, or the Bacon-Davis Act  [1]  —
>
> (a) if the cause of action accrues on or after May 14, 1947—may be commenced **within two years after the cause of action accrued**, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action **arising out of a willful violation may be commenced within three years after the cause of action accrued**; (emphasis added)

The Complaint in this matter was filed on March 27, 2015.  Angelica Velasquez ceased

work in November of 2011, well more than three years prior to the filing of the Complaint in this

matter.  Plaintiff Alejandro Angeles ceased work for SD-26 in January 2012, more than three

years prior to the initiation of this proceeding.  Plaintiff Kareen Sanchez ceased work on an

unnamed date in March of 2011, three years prior to the filing of the Complaint in this matter.

As such, the court lacks subject matter jurisdiction over these Plaintiffs.

**<u>CONCLUSION</u>**

For the foregoing reasons, it is respectfully urged that as Plaintiffs have failed to set forth a claim upon which relief may be granted, Defendant' motion to dismiss should be granted in in its entirety.

Dated:          Commack, New York
                May 31, 2015

                                    The Ziskin Law Firm, LLP

                        By:     *<u>Suzanne Harmon Ziskin</u>*
                                SUZANNE HARMON ZISKIN
                                RICHARD B. ZISKIN
                                Attorneys for Defendant
                                Office and P.O. Address:
                                6268 Jericho Turnpike
                                Suite 12A
                                Commack, New York 11725
                                (631) 462-1417